People of Porto Rico, Plaintiff and Appellee, *v.* Saturnino Rosalí, Defendant and Appellant.

No. 2650. Argued March 10, 1926.—Decided April 30, 1926.

*Miguel Bahamonde* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Error is assigned in that the complaint, while showing an assault and battery, does not show any element of aggravation set forth in the Act of March 10, 1904. Session Laws p. 50. The appellant was convicted of an aggravated assault and battery and sentenced to a year in prison. We copy the complaint in its essence:

"I, Balbino Crespo, Insular Police No. 523, resident of Yauco, P. R., Comercio St. No. 3, of age, file a complaint against Saturnino Rosalí for the crime of aggravated assault and battery committed as follows: That on June 1, 1925, at 6.45 p. m., on July 25th Street of Yauco, P. R., within the municipal judicial district of Yauco, P. R., of the judicial district of Ponce P. R., the accused Saturnino Rosalí then and there unlawfully, wilfully, maliciously and knowingly and with criminal intent to inflict grave bodily injury, committed assault and battery on Cornelia Acosta by striking her on the forehead with the stock of a revolver and causing her a bruise. The act was committed while Mrs. López was trying to reach a little boy who was on the street when Rosalí fired the revolver. The aggravating circumstance consists in that the assailant is a man (*hombre*) of robust health and used the weapon in assaulting a woman of advanced age. This act is contrary to the law. I swear to this complaint by reason of the information obtained in the investigation made."

The record shows no objection or exception to the complaint, the evidence was not incorporated, and the *Fiscal* maintains or *suggests* that only privileged exceptions may be taken advantage of on appeal and that as no evidence was incorporated into the judgment roll a presumption

should arise that any lack in an element of aggravation was cured by the trial and judgment.

Making reference to the case of *People* v. *Zambrana*, 18 P.R.R. 732, the *Fiscal* doubts whether to say in a case of assault and battery that the defendant was an *hombre* sufficiently charges the element of aggravation arising when the battery is committed by "an adult male upon the person of a female." Laws of 1904, p. 50. However, the word *hombre* in Spanish means an adult male and the complaint was sufficient.

We are disposed, however, to follow the suggestion of the *Fiscal* and to hold, even if the word *hombre* did not necessarily mean an adult male, that if such word was used and the proof showed that the defendant was an adult male, in the absence of objection, the deficiency was cured by the proof. This was indicated by us in *People* v. *Aguilar*, 19 P.R.R. 1019.

The evidence was not added to the record and from the judgment we must infer that the element of aggravation, if there was any lack in the complaint, was so cured.

The judgment must be affirmed.